| STATE OF NORTH CAROLINA | File No. 14CvS 3878 |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| Name And Address Of Plaintiff 1 | |
|---|---|
| RODGERS BUILDERS, INC.<br>C/O Yates McLamb & Weyher, LLP<br>Post Office Box 2889<br>Raleigh NC 27601 | **GENERAL**<br>**CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING ☐ SUBSEQUENT FILING |
| Name And Address Of Plaintiff 2 | Rule 5(b), Rules of Practice For Superior and District Courts |

Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)
Rodney E. Pettey
Post Office Box 2889
Raleigh, North Carolina 27602

**VERSUS**

Name Of Defendant 1
LEXINGTON INSURANCE COMPANY

North Carolina Attorney Bar No.
17715

☒ Initial Appearance in Case ☐ Change of Address

Summons Submitted ☒ Yes ☐ No

Name Of Firm
Yates McLamb & Weyher, LLP

Name Of Defendant 2
D.H. GRIFFIN WRECKING COMPANY, INC.

Telephone No. (919)835-0900  FAX No. (919)582-2519

Counsel for
☒ All Plaintiffs ☐ All Defendants ☐ Only (List party(ies) represented)

Summons Submitted ☒ Yes ☐ No

☒ Jury Demanded In Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

| TYPE OF PLEADING | CLAIMS FOR RELIEF FOR: |
|---|---|
| (check all that apply) | (check all that apply) |
| ☐ Amended Answer/Reply (AMND-Response) | ☐ Administrative Appeal (ADMA) |
| ☐ Amended Complaint (AMND) | ☐ Appointment of Receiver (APRC) |
| ☐ Answer/Reply (ANSW-Response) | ☐ Attachment/Garnishment (ATTC) |
| ☒ Complaint (COMP) | ☐ Claim and Delivery (CLMD) |
| ☐ Confession of Judgment (CNFJ) | ☐ Collection on Account (ACCT) |
| ☐ Counterclaim vs. (CTCL) | ☐ Condemnation (CNDM) |
| ☐ All Plaintiffs ☐ Only (List on back) | ☒ Contract (CNTR) |
| ☐ Crossclaim vs. (List on back) (CRSS) | ☐ Discovery Scheduling Order (DSCH) |
| ☐ Extend Statute of Limitations, Rule 9 (ESOL) | ☐ Injunction (INJU) |
| ☐ Extend Time For Answer (MEOT-Response) | ☐ Medical Malpractice (MDML) |
| ☐ Extend Time For Complaint (EXCO) | ☐ Minor Settlement (MSTL) |
| ☐ Rule 12 Motion In Lieu Of Answer (MDLA) | ☐ Money Owed (MNYO) |
| ☐ Third Party Complaint (List Third Party Defendants on Back) (TPCL) | ☐ Negligence - Motor Vehicle (MVNG) |
| ☐ Other: (specify) | ☐ Negligence - Other (NEGO) |
| | ☐ Motor Vehicle Lien G.S. 44A (MVLN) |
| | ☐ Limited Driving Privilege - Out-of-State Convictions (PLDP) |
| | ☐ Possession of Personal Property (POPP) |
| | ☐ Product Liability (PROD) |
| | ☐ Real Property (RLPR) |
| | ☐ Specific Performance (SPPR) |
| | ☐ Other: (specify) |

NOTE: Small claims are exempt from cover sheets.

Date: 3-3-14

Signature Of Attorney/Party

NOTE: The initial filing in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a cover sheet or the filing must comply with G.S. 7A-34.1.

AOC-CV-751, Rev. 2/06, © 2006 Administrative Office of the Courts (Over)

STATE OF NORTH CAROLINA 2014 DEC -5 AM 11:28 IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
MECKLENBURG COUNTY                       FILE NO.: 14 CVS 3808

| | |
|---|---|
| RODGERS BUILDERS, INC, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>LEXINGTON INSURANCE COMPANY and )<br>D.H. GRIFFIN WRECKING COMPANY, )<br>INC. )<br>)<br>Defendants. )<br>) | **COMPLAINT FOR**<br>**DECLARATORY RELIEF**<br><br>(COMP) |

Plaintiff Rodgers Builders, Inc. brings this Declaratory Judgment Action pursuant to N.C.G.S. § 1-253 *et seq.* against the defendants as follows:

1. Rodgers Builders, Inc. ("Rodgers") is a North Carolina corporation with a principal place of business located in Mecklenburg County.

2. D.H. Griffin Wrecking Company ("DHG") is a North Carolina corporation with a principal place of business located in Guilford County, North Carolina.

3. Lexington Insurance Company ("Lexington") is a foreign company with a principal place of business located in Massachusetts. Upon information and belief, Lexington is licensed to issue various insurance policies within North Carolina.

4. In 2011, Rodgers was the general contractor on a project located in Charlotte, NC. The owner of the project was The Foundation For The Carolinas. The project involved the renovation of a multi-story building.

5. Rodgers entered into a contract with DHG for DHG to perform various demolition work. DHG's work included demolition activities on the roof of the third floor,

1
Case 3:15-cv-00110-MOC-DSC   Document 1-1   Filed 03/05/15   Page 2 of 4

specifically the removal of roof curbing which served as platforms for various mechanical and HVAC equipment.

6. Pursuant to DHG's contract with Rodgers, DHG was required to provide additional insured coverage for Rodgers under DHG's commercial general liability policy. DHG was required to obtain additional insured coverage for ongoing and completed operations.

7. DHG's commercial general liability policy was issued by Lexington, policy number 023462650. The effective dates of this policy are May 10, 2011 to May 10, 2012.

8. On June 21, 2011, DHG removed sections of roof curbing on the roof of the third floor. The removal of those curbs created penetrations in the roof such that those areas were no longer water tight. When crews left the project that day, those penetrations were left untarped and unprotected from the elements.

9. Later that night rain entered the building through these uncovered penetrations. Water ran through the building and damaged portions of the project that were finished. The property damage was to work not performed by DHG such as finished carpeting, walls, insulation and electrical work.

10. Shortly after the loss occurred, Rodgers put DHG and Lexington on notice of a claim seeking defense and indemnification due to this loss arising out of DHG's work and due to Rodgers' status as an additional insured under Lexington's policy. Lexington had a reasonable opportunity to investigate the loss and to review its coverage. For the next two years Rodgers continued to place demands on Lexington to provide coverage for this claim. To date, Lexington has rejected these demands.

11. Rodgers repaired the damage to the project and incurred damages in excess of $10,000. Rodgers has not been reimbursed by DHG or Lexington for this loss.

2
Case 3:15-cv-00110-MOC-DSC   Document 1-1   Filed 03/05/15   Page 3 of 4

12. By virtue of its status as an additional insured, Rodgers has standing to enforce the terms and provisions of Lexington's policy and has a right to collect proceeds under said policy.

13. Upon information and belief, all of the damage caused by the rain entering the building are covered by Lexington's policy.

14. Consequently, an actual controversy exists between the parties as to what claims and damages are covered by Lexington's policy.

15. Plaintiff hereby seeks a determination as to what claims and damages are covered by Lexington's policy.

WHEREFORE, Rodgers Builders, Inc. respectfully prays the Court for the following relief:

1. That the Court declare that Lexington is required to provide full coverage and to fully reimburse Rodgers for this loss, including interest and costs;

2. That the costs of this action be taxed against Lexington;

3. For such other relief as the Court deems just and proper.

This the 3 day of March, 2014.

YATES, McLAMB & WEYHER, L.L.P.

By _____
RODNEY E. PETTEY
N.C. State Bar No.: 17715
BRIAN M. WILLIAMS
N.C. State Bar No.: 28869
*Attorneys for Plaintiff*
P.O. Box 2889
Raleigh, NC 27602-2889
Telephone: (919) 835-0900
Facsimile: (919) 835-0910

3