UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00110-MOC-DSC

| | |
|---|---|
| **RODGERS BUILDERS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **LEXINGTON INSURANCE COMPANY,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on Plaintiff's "Motion to Alter or Amend a Judgment in Order to Award Prejudgment Interest" (#28). Defendant filed a Response (#33) to such Motion, and Plaintiff filed a Reply (#34). The court notes that Plaintiff's original Motion included a relatively brief statement of the procedural history of the case and a calculation of the amount of interest requested. It did not set forth any substantive argument or caselaw in support of its position as to why an award of prejudgment interest in this declaratory judgment action would be appropriate given the nature of the case and the scope of relief requested. Defendant's Response set forth several arguments as to why such a finding might be appropriate here.

In sum, Plaintiff argues that it is entitled to $85,931.98 in prejudgment interest because Defendant breached its contract with Plaintiff no later than the date of Defendant's first denial letter to Plaintiff, which was sent on February 2, 2012. See (#18-6). Defendant argues that Plaintiff is not entitled to prejudgment interest based on its Motion for three reasons. First, Defendant argues that Plaintiff's motion is improperly before the court because Plaintiff has failed to state any reasons that the judgment should be amended pursuant to Fed. R. Civ. P.

59(e). Second, Defendant argues that Plaintiff's motion should be denied because this action was for declaratory relief, did not assert a contract breach claim, and no damages or monetary judgment were awarded in this case. Finally, Defendant argues that Plaintiff lacks standing to bring this motion because Plaintiff did not incur any loss of the use of its money in this case—its insurance carrier did. Plaintiff has responded to those substantive challenges by way of its Reply, but the court finds that a sur-reply from Defendant and an additional reply to that brief by Plaintiff would be beneficial to the court in resolving this matter.

Specifically, while the court believes that Plaintiff's Motion to Alter or Amend the Judgment is procedurally proper under Fed. R. Civ. P. 59(e)[1], it is interested in additional briefing regarding Defendant's argument that entering prejudgment interest in this action would be inappropriate given that Plaintiff failed to state a claim for breach of contract in its Complaint, and the court, acting accordingly, made no specific finding as to any purported contract breach related to the insurance policy at issue.[2] As Defendant was the party to raise this argument, which the court finds to be central to its determination of Plaintiff's Motion, the court will allow Defendant an opportunity to respond to the arguments that Plaintiff raised in its Reply. Plaintiff shall then be allowed to respond to any legal argument raised therein. The court notes that this is

---

1 In <u>Osterneck v. Ernst & Whinney</u>, 489 U.S. 169 (1989), the United States Supreme Court expressly held that a motion for prejudgment interest filed after the entry of judgment "constitutes a Rule 59(e) motion to alter or amend the judgment." <u>Id.</u> at 173. Finding that the appellate court "was correct to conclude that a postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)," the court also noted that "prejudgment interest is an element of [plaintiff's] complete compensation….[and] traditionally has been considered part of the compensation due plaintiff." <u>Id.</u> at 175.

2 An award of prejudgment interest in a breach of contract case is mandatory under North Carolina law at a rate of eight percent. <u>See</u> N.C.G.S. § 24-1; 24-5(a). Pursuant to the statute, prejudgment interest begins to run from the date of the breach. <u>Id.</u> <u>See also</u> <u>Cap Care Grp., Inc. v. McDonald</u>, 561 S.E.2d 578, 583 (N.C. Ct. App. 2002). ("Once breach is established, plaintiffs are entitled to interest from the date of the breach as a matter of law."). As Defendant notes, however, Plaintiff did not assert a cause of action for breach of contract in this case.

not an opportunity for the parties to assert novel theories of the case, but solely to provide additional legal support for their arguments as to whether an award of prejudgment interest is appropriate given the procedural posture and scope of the case.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant file a sur-reply to Plaintiff's Reply (#34) within fourteen (14) days of this Order. Plaintiff shall then have seven (7) days to file a reply to such sur-reply.

Signed: May 16, 2016

Max O. Cogburn Jr.
United States District Judge